# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RUBENA EFFENDI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | No. 10-cv-1383 |
| v. ) | |
| ) | |
| ) | Judge Sharon Johnson Coleman |
| AMBER FIELDS HOMEOWNERS ) | |
| ASSOCIATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Rubina Effendi operated a daycare business from her home in violation of the rules of her homeowners' association, defendant Amber Fields Homeowners Association. She alleges that the association threatened her with fines, demanded that she surrender her license to operate the business, and subjected her to other harassment, causing her to cease operation of her business. She also claims that the association enforced its rules against her while ignoring the home businesses of other association members because of her South Asian race, her Pakistani nationality, and her Islamic faith. She claims that this discriminatory enforcement of the association's rules violated both the Fair Housing Act, 42 U.S.C. § 3617, and the Civil Rights Act, 42 U.S.C. § 1981.

The association seeks dismissal of Effendi's complaint under Federal Rule of Civil Procedure 12(b)(6). It argues that Effendi, by admitting that her home business violated association rules, has conceded that she exercised no right protected by either statute. This court

finds that Effendi has stated a claim that she was exercising protected rights and that she was discriminated against in violation of both statutes. The association's motion to dismiss [8] is therefore denied.

The Fair Housing Act, 42 U.S.C. § 3604(b), makes it unlawful to discriminate against any person in the terms, conditions or privileges of sale or rental of a dwelling because of their race, color, religion, sex, familial status, or national origin. An owners' association that imposes binding rules upon its residents as a condition of ownership creates a condition of sale under § 3604(b), and a resident is entitled by the statute to be free from discriminatory enforcement of those conditions, even if they are facially neutral. *Bloch v. Frischolz,* 587 F.3d 771, 780 (7th Cir. 2009). Section 3617 of the Fair Housing Act makes it unlawful to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of rights granted under § 3604. *Bloch,* 587 F. 3d at 782. Here, though she has conceded that she violated an association rule, Effendi has alleged that she was attempting to receive the same level of enforcement of the rule as her neighbors – none. She has thus alleged that she was exercising a right protected by § 3604(b) of the act, and that the association interfered with her attempted exercise of that right in violation of § 3617. In asserting that she suffered discriminatory enforcement of mandatory association rules, and that the discriminatory enforcement rose to the level of a pattern of harassment, Effendi has stated a sufficient claim that the association violated rights protected by the Fair Housing Act.

The sufficiency of Effendi's claim under the Civil Rights Act is equally apparent. Section 1981 gives all persons, regardless of color, the same right to "make and enforce contracts," and it defines "make and enforce contracts" to include the making, performance,

2

modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship. To state a sufficient claim, Effendi was only required to allege that she is a member of a racial minority, that the defendant intended to discriminate her on the basis of race, and that the discrimination concerned an activity protected by the statute. *Morris v. Office Max, Inc.,* 89 F.3d 411, 413 (7th Cir. 1996). The protected activity here was the enjoyment of the same conditions of the association agreement as her neighbors. The allegation that she was treated differently because of her race was a sufficient statement of a claim under § 1981.

For the foregoing reasons, the defendant's motion to dismiss [8] is denied.

So ordered.

March 31, 2011

Sharon Johnson Coleman
District Judge